The CITY OF ATHENS et al., Appellants,

v.

GULF STATES TELEPHONE COMPANY, Appellee.

No. 30.

Court of Civil Appeals of Texas.

Tyler.

May 7, 1964.

Rehearing Denied June 11, 1964.

Second Rehearing Denied June 30, 1964.

See also Tex.Civ.App., 374 S.W.2d 757.

John W. Key, Jr., Life, Bolding & Key, Athens, Garland F. Smith, Smith, McIlheran & Jenkines, Weslaco, for appellants.

Jack Binion and Richard B. Mayor, Butler, Binion, Rice & Cook, Houston, William H. Kugle, Jr., Athens, for appellee.

SELLERS, Justice.

This is a telephone company rate case brought by the Gulf States Telephone Company against the City of Athens, Texas, its Mayor and Members of its City Council in the District Court of the Third Judicial District of Henderson County. The Telephone Company seeks to permanently enjoin the City of Athens from enforcing a schedule of local rates adopted by the City Council in Ordinances dated September 8, 1961, and July 30, 1962.

The trial court found that the rates prescribed by the ordinances did not permit the company to earn a fair rate of return on the fair value of the company's property devoted to rendering local exchange telephone service in the City and that therefore such ordinances are violative of the United States Constitution and the laws and Constitution of the State of Texas. The court granted a permanent injunction against the City from enforcing said ordinances and the rates therein provided for. From this judg-

ment the City has duly prosecuted this appeal.

The first three assignments of error by the City are as follows:

"THE TRIAL COURT ERRED IN RULING THAT ARTICLES 1175(12) AND 1124, VACS, DID NOT DELEGATE TO THE GOVERNING BODIES OF HOME RULE CITIES POWER TO REGULATE INTRASTATE TOLL TELEPHONE RATES TO INHABITANT SUBSCRIBERS, BECAUSE SUCH POWER IS EXPRESSLY DELEGATED BY SAID STATUTES.

"THE TRIAL COURT ERRED IN RULING THAT EVIDENCE OF PLANT INVESTMENT, EXPENSES AND INCOME RELATED TO RENDERING INTRASTATE LONG DISTANCE SERVICE TO THE INHABITANT SUBSCRIBERS WAS INADMISSIBLE, BECAUSE SUCH EVIDENCE IS RELEVANT TO THE ISSUES OF 'FAIRNESS' OR 'REASONABLENESS' OF THE RATE, AND THE ISSUE OF WHETHER OR NOT THERE HAS BEEN A PROPER AND ACCURATE SEPARATION OF PLANT VALUE AND EXPENSES RELATED TO LOCAL AND INTRASTATE LONG DISTANCE SERVICE.

"THE TRIAL COURT ERRED IN SUSTAINING THE TELEPHONE COMPANY'S EXCEPTIONS TO INTERROGATORIES AND REQUESTS FOR ADMISSION RELATING TO PLANT INVESTMENT, EXPENSES AND INCOME INVOLVED IN RENDERING INTRASTATE LONG DISTANCE SERVICE, FOR THE REASON SUCH EVIDENCE IS SO DIRECTLY RELATED TO THE QUESTIONS OF 'FAIRNESS' OR 'REASONABLENESS' OF RATES, AND

PROPER 'SEPARATION' OF VALUE AND EXPENSE THAT ITS DENIAL OR DISCOVERY RENDERS IT IMPOSSIBLE FOR A CITY TO PREPARE ITS DEFENSE."

■ The first contention on this appeal is to the effect that the City being a home-rule city has the legislative power to regulate intrastate long distance rates. This contention is insisted upon in the face of fact that the identical question was decided adversely to its contention in the case of the City of Weslaco v. General Telephone Co. of the Southwest, Tex.Civ.App., 359 S.W.2d 260.

In our opinion, the San Antonio Court of Civil Appeal was correct in its holding that such authority had not been granted to the City by the State Legislature.

■ Neither is the City entitled to consider the intrastate earnings of the company on long distance service in aid of the local rates or the fairness of the separation of the plant value and expenses in arriving at the rate to be charged by the Telephone Company.

Article 1124 of the Revised Civil Statutes provides, in part:

"Any city having a special charter or a charter adopted or amended under the provisions of chapter 13 of this title, and having authority under its charter to determine, fix and regulate the charges, fares or rates of compensation to be charged by any person, firm or corporation enjoying a franchise in said city, shall in determining, fixing and regulating such charges, fares or rates of compensation, base the same upon the fair value of the property of such person, firm or corporation devoted to furnishing service to such city, or the inhabitants thereof, * * *."

In construing this article in the case of City of Baytown, et al. v. General Tele-

phone Company of the Southwest, Tex.Civ. App., 256 S.W.2d 187, the Court held:

"The power to regulate rates of public utilities is inherent in the Legislature. Munn v. Ill., 94 U.S. 113, 24 L. Ed. 77; Missouri, K. & T. Railway Co. v. Empire Express Co., Tex.Com.App., 221 S.W. 590; Daniel v. Tyrrell & Garth Investment Co., 127 Tex. 213, 93 S.W.2d 372.

"The Legislature may delegate this power and prescribe the conditions under which the power shall be exercised. When delegated, the power may be exercised only in accordance with the conditions prescribed by the Legislature. Home Tel. & Tel. Co. v. City of Los Angeles, 211 U.S. 265, 29 S.Ct. 50, 53 L.Ed. 176; City of El Paso v. El Paso City Lines, Inc., Tex.Civ.App., 227 S. W.2d 278.

"In Texas this power has been expressly delegated to the city commissions and councils, subject to certain conditions prescribed by the Legislature for the exercise of such power.

"There are two statutes relating to appellants' power and duty to regulate rates for appellee. They are Article 1175, § 12, and Article 1124, R.C.S. 1925."

Many telephone rate cases have been heard in the courts of Texas and have followed the above statute in arriving at a fair and reasonable rate for the utilities involved, and none have come to our attention which took into consideration the earnings of the company in its intrastate business.

The contention was denied in principle by the Supreme Court of this state in the case of General Telephone Company of the Southwest v. City of Eden, et al., 293 S.W. 2d 753. In this case it is held:

"In proceedings by telephone company to enjoin enforcement of city ordinance establishing telephone rates on basis that such rates provided for an inadequate return, fact that because of drought the subscribers were less able to pay proper charges *or that entire system of telephone company was earning adequate revenues, was immaterial on issue as to whether injunctive relief against inadequate rates should be granted."* (Emphasis supplied)

Points 4, 5, and 6 are as follows:

"THE TRIAL COURT ERRED IN RULING THAT EVIDENCE OF THE SEPARATE PLANT VALUE, EXPENSES AND INCOME RELATED TO RENDERING LOCAL TELEPHONE SERVICE TO SUBSCRIBERS IN THE RURAL AREA SURROUNDING ATHENS, BUT OUTSIDE THE CITY, WAS INADMISSIBLE, BECAUSE SUCH EVIDENCE IS RELEVANT TO THE ISSUES OF 'FAIRNESS' OF THE RATE TO INHABITANTS OF THE CITY, AND WHETHER OR NOT SUCH INHABITANT RATE PAYERS ARE BEING BURDENED BY THE UNECONOMIC RURAL OPERATION.

"THE TRIAL COURT ERRED IN REQUIRING THE INHABITANT RATE PAYERS OF ATHENS TO ABSORB THE PROBABLE LOSSES FROM NONRESIDENT RURAL OPERATION, WHILE DENYING THEM THE BENEFIT OF THE MORE PROFITABLE INTRASTATE LONG DISTANCE OPERATION, BECAUSE SUCH RULING IS INCONSISTENT, DISCRIMINATORY AND UNFAIR ON ITS FACE.

"THE TRIAL COURT ERRED IN DENYING THE CITY ITS RIGHTS UNDER THE DISCOVERY RULES TO INQUIRE INTO THE SEPARATE PLANT INVESTMENT, EXPENSE AND INCOME RELATING TO THE RURAL OPERATION,

FOR THE REASON THAT SUCH INFORMATION IS RELEVANT TO THE ISSUE OF 'FAIRNESS' TO THE INHABITANT ATHENS SUBSCRIBERS, AND ITS DENIAL RENDERED IT IMPOSSIBLE FOR THE CITY TO PREPARE ITS DEFENSE."

■ The contention made by these assignments is overruled on the holding by the Supreme Court in the case of the General Telephone Company of the Southwest v. City of Wellington, et al., 294 S.W.2d 385, from which we quote:

"Where telephone company operating a single community exchange serving subscribers within city limits as well as in suburban area attacked validity of rates established by city ordinance on the ground that the same were confiscatory, it was proper to determine rate of return on basis of entire exchange rather than attempting a breakdown into operations based on subscribers within and without city limits. Vernon's Ann.Civ.St. art. 1119."

Point 7 is as follows:

"THE TRIAL COURT ERRED IN RULING THAT THE RATE HEARING COULD PROCEED AGAINST ATHENS WITHOUT JOINDER OF THE OTHER CITIES IN THE GULF STATES SYSTEM, FOR THE REASON THAT SUCH OTHER CITIES ARE NECESSARY PARTIES TO SUCH A HEARING."

■ We are cited to no authority in support of this assignment. We regard the law as settled that a city is limited in fixing and promulgating local telephone rates to a consideration of the reasonable return upon the fair value of the property being used in rendering local telephone service to its inhabitants. If we are correct in this holding, then it follows that each city where a company operates must stand on its own

values in reaching the local rates for the respective cities, and for this reason would not be a necessary or a proper party to a rate case in any other city. General Telephone Company of the Southwest v. City of Eden, supra. This case held that the earnings of the company on its entire system was immaterial on issue as to whether injunctive relief against inadequate rates should be granted.

■ There are other assignments of error by appellant relating to the trial court's ruling on evidence and the court's conclusions therefrom. Since the case was tried before the court without a jury, and there are no findings of fact and conclusions of law in the record, and no request of the court to so find, it is our opinion that the evidence was sufficient to support the trial court's finding that the present rates authorized by the city for local telephone service in the City of Athens are confiscatory, which was the controlling issue for the disposition of the case, and these assignments are overruled.

The judgment of the trial court is affirmed.

## MOTION FOR REHEARING

■ Appellee points out in its motion for rehearing that the order of this court granting a temporary injunction against the City from enforcing the ordinances involved, conditioned upon appellee filing of a bond with the clerk of the trial court, fails to state when this injunction would cease to exist.

In this connection, this court is of the opinion that the injunction heretofore granted by this court which has not been dissolved or superseded and is still in full force and effect should remain in effect until the clerk of the trial court receives the Mandate from the clerk of this court or the Supreme Court, finally disposing of this appeal, and it is so ordered.

In all other respects, the motion of appellee for rehearing is in all things overruled and denied.

Appellants' motion for rehearing, after due consideration, is overruled.